EXHIBIT B

**DELIVER THESE PAPERS TO YOUR LIABILITY INSURANCE CARRIER IMMEDIATELY. FAILURE TO DO SO MAY RESULT IN LOSS OF COVERAGE.**

STATE OF NEW YORK
SUPREME COURT: COUNTY OF NIAGARA
***************************************************

**KYLE M. WALKER**
185 56th Street
Niagara Falls, New York 14034

      Plaintiff,        **SUMMONS**

 vs.

**TARGET CORPORATION**
c/o CT Corporation System
111 Eighth Avenue
New York, New York 10011

**TARGET CORPORATION STORE #1010**
7414 Niagara Falls Boulevard
Niagara Falls, New York 14304

      Defendants.
***************************************************

**TO THE ABOVE NAMED DEFENDANTS:**

  **YOU ARE HEREBY SUMMONED** and required to serve upon the plaintiff's attorneys an Answer to the Complaint in this action within twenty (20) days after the service of the Summons, exclusive of the day of service, or within thirty (30) days after service is complete if this Summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the Complaint.



**The Dietrich Law Firm P.C.**
101 John James Audubon Parkway
Buffalo, New York 14228

The basis for the venue designated is the residence of the plaintiff, which is 185 56th Street in the City of Niagara Falls, County of Niagara and State of New York.

DATED:   May 6, 2021

                                Yours, etc.,

                                **THE DIETRICH LAW FIRM P.C.**

By: _____
                                **Brian R. Wood, Esq.**
                                Attorneys for Plaintiff
                                101 John James Audubon Parkway
                                Buffalo, New York 14228
                                (716) 839-3939

STATE OF NEW YORK
SUPREME COURT : COUNTY OF NIAGARA
*********************************************************

**KYLE M. WALKER,**

                                          Plaintiff,                        **COMPLAINT**

vs.

**TARGET CORPORATION** and
**TARGET CORPORATION STORE #1010,**

                                          Defendants,
*********************************************************

       The plaintiff, above-named, by The Dietrich Law Firm P.C., for her Complaint against the defendants, above-named, alleges upon information and belief:

       1.    At all times herein relevant, the plaintiff Kyle M. Walker has been a resident of the County of Erie and the State of New York.

       2.    At all times herein relevant, the defendant Target Corporation has been a general merchandise retailer duly authorized to conduct business in the State of New York.

       3.    At all times herein relevant, the defendant Target Corporation Store #1010 has been duly authorized to conduct business in the State of New York.

       4.    At all times herein relevant Target Corporation has conducted business as Target Corporation Store #1010 at 7414 Niagara Fall Boulevard in the City of Niagara Falls, the County of Niagara and the State of New York.

       5.    At all times herein relevant, the defendant Target Corporation leased and/or owned and/or managed and/or controlled the property located at 7414



**The Dietrich Law Firm P.C.**
101 John James Audubon Parkway
Buffalo, New York 14228

Niagara Falls Boulevard in the City of Niagara Falls, the County of Niagara and the State of New York.

6. At all times herein relevant, the defendant Target Corporation Store #1010 leased and/or owned and/or managed and/or controlled the property located at 7414 Niagara Falls Boulevard in the City of Niagara Falls, the County of Niagara and the State of New York.

7. At all times herein relevant, the defendant Target Corporation was responsible for inspecting and maintaining the property located at 7414 Niagara Falls Boulevard in the City of Niagara Falls, the County of Niagara and the State of New York.

8. At all times herein relevant, the defendant Target Corporation Store #1010 was responsible for inspecting and maintaining the property located at 7414 Niagara Falls Boulevard in the City of Niagara Falls, the County of Niagara and the State of New York.

9. On or about November 15, 2020 at approximately 11:30 a.m., the plaintiff Kyle M. Walker was lawfully on the property located at 7414 Niagara Falls Boulevard in the City of Niagara Falls, the County of Niagara and the State of New York.

10. On or about November 15, 2020 at approximately 11:30 a.m., the plaintiff was caused to fall on a wet, slippery and/or otherwise unmaintained floor at the premises located at 7414 Niagara Falls Boulevard in the City of Niagara Falls, the County of Niagara and the State of New York, and as a result the plaintiff suffered severe, permanent and disabling physical injuries.

2

11. The fall and resulting injuries described in the paragraphs above occurred solely as a result of the carelessness, recklessness and/or negligence of the defendants, their servants, agents, employees and/or others for whom the defendants are responsible, without any fault attributable in any measure to the plaintiff.

12. That the carelessness, recklessness and/or negligence of the defendants included causing, creating and/or contributing to a dangerous condition, failing to provide a safe environment, failing to maintain the premises in a reasonably safe condition, failing to warn the plaintiff of a dangerous condition, failing to properly inspect said premises and upon information and belief, despite having actual and/or constructive notice of the dangerous condition, failing to correct it and otherwise being careless, reckless and/or negligent.

13. That by reason of the aforesaid, the plaintiff has sustained severe, permanent, disabling physical injuries and pain and suffering and has been unable to perform her normal and customary duties as well as her usual recreation and leisure activities.

14. The limitations on liability set forth in CPLR Article 16 do not apply herein; one or more of the exemptions set forth in CPLR §1602 applies.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF KYLE M. WALKER AGAINST THE DEFENDANT TARGET CORPORATION

15. The plaintiff Kyle M. Walker repeats and re-alleges the above paragraphs as if set forth in their entirety herein.

16. The incident described in the paragraphs above occurred as a result of the defendant Target Corporation's negligence and/or recklessness without any negligence attributable in any measure to the plaintiff.

17. The defendant Target Corporation is responsible for the actions of its servants, agents and employees under the doctrine of Respondeat Superior.

18. As a result of the negligence and/or recklessness of the defendant Target Corporation, as alleged above, the plaintiff was injured and has suffered damages in an amount which exceeds the monetary jurisdictional limits of all lower New York State Courts but does not exceed the monetary jurisdictional limits of the New York State Supreme Court.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF KYLE M. WALKER AGAINST THE DEFENDANT TARGET CORPORATION STORE #1010**

19. The plaintiff Kyle M. Walker repeats and re-alleges the above paragraphs as if set forth in their entirety herein.

20. The incident described in the paragraphs above occurred as a result of the defendant Target Corporation Store #1010's negligence and/or recklessness without any negligence attributable in any measure to the plaintiff.

21. The defendant Target Corporation Store #1010 is responsible for the actions of his servants, agents and employees under the doctrine of Respondeat Superior.

22. As a result of the negligence and/or recklessness of the defendant Target Corporation Store #1010, as alleged above, the plaintiff was injured and has suffered damages in an amount which exceeds the monetary jurisdictional limits of all

4

lower New York State Courts but does not exceed the monetary jurisdictional limits of the New York State Supreme Court.

**WHEREFORE,** the plaintiff demands judgment against the defendants, jointly and severally, in all causes of action in an amount which exceeds the monetary jurisdictional limits of all the lower courts but does not exceed the monetary jurisdictional limits of the New York State Supreme Court. The plaintiff demands such other and further relief as the Court may deem just and proper, together with the costs and disbursements of this action.

DATED:    May 6, 2021

                        Yours, etc.,

                        **THE DIETRICH LAW FIRM P.C.**

By:  *[signature]*

Brian R. Wood, Esq.
Attorneys for Plaintiff
101 John James Audubon Parkway
Buffalo, New York 14228
(716) 839-3939